IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>GABRIELLE PERKINS,<br><br>Defendant. | CRIMINAL ACTION NO.<br>1:21-cr-00384-01-TWT |

**OPINION AND ORDER**

This is a criminal action. It is before the Court on the Defendant's Motion to Stay Enforcement of Restitution Judgment Through IRS lien [Doc. 73]. On April 11, 2023 Gabrielle Perkins ("Defendant") entered a negotiated plea of guilty to one count of conspiracy to commit wire fraud and bank fraud. On November 30, 2023, this Court sentenced Defendant to a term of imprisonment of 6 months and ordered her to make restitution in the amount of $137,209.84. To enforce the restitution judgment, on December 11, 2023, the Financial Litigation Program of the United States Attorney's Office entered the Defendant in the Treasury Offset Program ("TOP") for offset against her criminal monetary penalties of any non-exempt federal payments

she would be entitled to receive. The Defendant was sent a notice of intent to offset, informing her that any nonexempt federal payments would be subject to offset against the restitution obligation imposed by the court. On March 14, 2024, the United States Department of the Treasury offset $4,503.72 in non-exempt federal payments against the Defendant's restitution obligation. The present balance on Defendant's criminal debt is $132,806.12.

    TOP is "plainly an administrative practice and procedure under federal law" that is available to collect a debt owed to the United States or to a non-federal victim for which the United States has collection responsibilities. *United States v. Beulke*, 892 F. Supp. 2d 1176, 1187 (D. S.D. 2012); *United States v. Mayer*, 2010 WL 4916561 at *1 (D.N.H. Dec. 3, 2010). Deciding to enroll a debtor in TOP, and considering their rate of garnishment are matters of "administrative discretion, and the collecting agency is where [the defendant] must press his request." *Mayer*, 2010 WL 4916561 at *1; *Beulke,* 892 F. Supp. 2d at 1187 (D.S.D. 2012) (restitution judgment debtors must exhaust their administrative remedies before coming to court); *United States v. Brown*, 2012 WL 75105, at *4 (W.D. Penn. Jan. 10, 2010); *United States v. Weissenbach*, 2010 WL 2246177, at *2 (W.D. N. Car. June 2, 2010). To challenge the United States' enforcement discretion, Perkins would first have to exhaust her administrative remedies and, if unsuccessful, demonstrate to a

district court that the United States' decision was "arbitrary, capricious, or plainly unlawful conduct." 5 U.S.C. § 706(2)(A); Mayer, 2010 WL 4916561, at *1.

For the reasons set forth above, the Defendant's Motion to Stay Enforcement of Restitution Judgment Through IRS lien [Doc. 73] is DENIED.

SO ORDERED, this 18th day of July, 2024.

*/s/ Thomas W. Thrash*
THOMAS W. THRASH, JR.
UNITED STATES DISTRICT JUDGE